Filed 8/14/15  P. v. Williams CA32/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B262211 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA078067) |
| v. | |
| GARY LAVONS WILLIAMS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County.  John T. Doyle, Judge.  Affirmed.

Gary Williams, in pro. per., and Cheryl Lutz, California Appellate Project, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

In 2005 defendant Gary Williams was convicted of six counts of second degree robbery and one count of attempted second degree robbery, with personal firearm use findings under Penal Code section 12022.53, subdivision (b). The court found multiple strike conviction allegations true and sentenced Williams to a third strike term of 210 years to life. We affirmed the judgment on appeal.

In 2014 defendant filed a petition in the trial court seeking resentencing pursuant to Proposition 36. The trial court denied his petition and defendant appealed. We appointed counsel to represent defendant on appeal. After examination of the record, counsel filed an opening brief raising no issues and asking this court to independently review the record.

Defendant filed a supplemental brief, raising several contentions, which we briefly address. First, defendant argues the length of his sentence is cruel and unusual. This contention should have been raised in defendant's appeal from the judgment. It is outside the scope of this appeal of the order denying the petition for resentencing. Next, defendant argues the "Three Strikes" law is unconstitutional pursuant to *Johnson v. United States* (2015) 135 S.Ct. 2551. *Johnson* concluded a portion of a federal recidivist statute was unconstitutionally vague. The decision does not cast doubt upon the validity of the Three Strikes law and has no effect upon defendant's conviction and sentence. Moreover, the claim it applies is outside the scope of this appeal. Finally, defendant argues the trial court failed to exercise sentencing discretion under *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 to strike his prior convictions. *Romero* and its statutory foundation, Penal Code section 1385, do not provide a postjudgment remedy. (*People v. Kim* (2012) 212 Cal.App.4th 117.)

Defendant was ineligible for resentencing under Proposition 36 because his second degree robbery commitment offenses are violent felonies. (Pen. Code, §§ 667.5, subd. (c)(9), 1170.126, subds. (a), (e).)

We have examined the entire record and are satisfied that defendant's attorney has fully complied with her responsibilities and that no arguable issues exist. (*People v. Kelly* (2006) 40 Cal.4th 106, 109–110; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

## DISPOSITION

The order is affirmed.

NOT TO BE PUBLISHED.


                                                    LUI, J.

We concur:


ROTHSCHILD, P. J.


JOHNSON, J.